## Case No. 15,787.

### UNITED STATES v. MITCHELL et al.

[Baldw. 366.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1831.

FORGERY — UTTERING COUNTERFEIT CHECK — POSSESSION OF OTHER FORGED PAPER.

1. Passing a paper is putting it off in payment or exchange. Uttering it is a declaration that it is good, with an intention to pass, or an offer to pass it.
[Cited in U. S. v. Nelson, Case No. 15,861.]
[Cited in State v. Redstrake, 39 N. J. Law, 371.]

2. The party accused of passing or uttering counterfeit paper. must be present when the act is done, privy to it, or aiding, consenting, or procuring it to be done. If done by consent, all are equally guilty.
[Cited in brief in Smith v. State, 20 Neb. 284, 29 N. W. 924.]

1 [Reported by Hon. Henry Baldwin, Circuit Justice.]

3. Passing a counterfeit note in the name of a fictitious person, an assumed name, or on a bank which never existed. is within the law. It is not necessary that the note, if genuine, would be valid, if on its face it purports to be good: the want of validity must appear on its face.
[Cited in U. S. v. Shellmire, Case No. 16,271.]
[Cited in McCartney v. State, 3 Ind. 356.]

4. The possession of other counterfeit paper by the defendant or a confederate at the time of passing counterfeit notes, is evidence of the scienter.
[Cited in Anson v. People, 148 Ill. 504, 35 N. E. 148.]

The defendants [Mitchell and Fisher] were indicted for uttering and passing a counterfeit order or check drawn by Cummings, president of the office of discount and deposit of the Bank of the United States at Savannah, countersigned by the cashier thereof, payable to the order of Bullock, directed to the cashier of the Bank of the United States, for the payment of five dollars. It appeared in evidence that the defendants came together from Philadelphia in a gig about twenty miles. At a tavern where they stopped, Fisher attempted to pass the order or check laid in the indictment, which was a counterfeit. Mitchell was present under an assumed name. In the stable where they stopped on the road, was found a quantity of similar paper, and in a part of the gig was also found a large bundle of the same paper, all counterfeit. The circumstances in evidence were strong to show a concert between the defendants, and their knowledge that the order in question was counterfeit.

Mr. Dallas, U. S. Dist. Atty.
Rush & Williams, for defendants.

BALDWIN, Circuit Justice (charging jury). That the order or check laid in the indictment, is forged, is clearly proved, and cannot be doubted if you believe the witness; your next inquiry will be, whether it was passed, uttered or delivered as true, knowing it to be counterfeit by both the defendants, or either of them. The passing or delivering of a paper, is putting it off or giving it in payment or exchange. Uttering it, is a declaration that the note or order is good (2 Bin. 339), or an offer to pass it as good. To merely show it, without an offer to pass it, or depositing it for safe keeping, is not an uttering. There must be an intent to pass it as good. Russ. & R. 200. To convict a party for uttering or passing, he must have been present at the act. 2 Leach, 1096; 2 East, P. C. 974; Russ. & R. 25, 249, 363. But if he delivers the paper to a servant, to be sent to a customer (Russ. & R. 212; 2 Leach, 1048; 4 Taunt. 300), or is sufficiently near to the person who utters or passes it with his privity to give his assistance (Russ. & R. 363), or acts his part, or does any thing connected with the uttering

or passing (Russ. & R. 446), the party accused is considered as present. So if he, knowing the paper to be counterfeit, delivers it to another, who, knowingly, passes it as true (Russ. & R. 72; 4 Bos. & P. 96; 2 Leach, 978), or gives it to a boy for the purpose of passing them, and he does pass them (Car. Cr. Law, 191). The note is uttered when it is delivered for the purpose of being passed. When put off they are passed, and every person who is present and consenting to the uttering or passing, or in any way aiding or assisting in doing it, or doing any act or thing in concert with the person who utters or passes the paper, which is connected with their common object, is guilty of the offence. The knowledge that the paper was counterfeit, is a question of fact which the jury must ascertain from the whole conduct and demeanour of the parties accused, their acts and declarations during the transaction, or it may be inferred from their having in their possession, or the possession of an accomplice or confederate, other counterfeit paper of the same manufacture (Car. Cr. Law, 195), of similar appearance (Russ. & R. 120, 244, 247), or such paper found in a place of which one of the parties had the key or control (Russ. & R. 110; 5 Bos. & P. 87, &c.; 4 Bos. & P. 93, 94). This evidence is admitted on indictments for forgery, in order to show that the defendant knew the note in the indictment to be forged, from the fact of having with him, or in his custody, other counterfeit paper for the purpose of passing it, it being presumed that if he knew the latter to be counterfeit, he knew the other to be so.

It has been contended by the defendants' counsel that this prosecution cannot be sustained, because it is not proved that the name of Cummings, and the indorsement of Bullock, are forged; and because the order in question is not obligatory on the bank on which it is drawn. But the law is well settled, that it is forgery to counterfeit a paper in the name of a person who never existed (1 Leach, 83; 2 East, P. C. 991; 6 Serg. & R. 570; Foster, 116), or in a fictitious name (1 Leach, 172, 215; 2 East, P. C. 957, 959, 960; Russ. & R. 75), or on a bank when there was no such bank as the paper purported (6 Serg. & R. 569), or in an assumed name (Russ. & R. 209, 260, 278, 290), if it is done with the intention to defraud, and the paper on its face purports to be good and genuine (1 Leach, 103; 10 State Tr. 183). It is not necessary to a conviction, that the note or order, if genuine, would be obligatory on the parties whose names have been counterfeited. If it purports to be payable to order, and is not indorsed (Russ. & R. 149, 186), or if it wants any requisites enjoined by law to give validity to the genuine paper, as a stamp, &c. (2 Leach, 703, 885, 958; 2 East, P. C. 942, 956; Russ. & R. 193, 195, 255, 297; 4 Bos. & P. 1; Russ. & R. 67), or if it purports to

have been issued by a bank which is prohibited from issuing or circulating such paper under a penalty (12 Serg. & R. 237), or if the forged paper purports to be the will of a man who is alive (1 Leach, 99; 2 East, P. C. 950, 1001; 6 Serg. & R. 570), the counterfeiting it is forgery. If the paper on the face of it is void, then it is not the subject of forgery, but if its invalidity is owing to any thing not appearing on its face, it is the subject of forgery. 12 Serg. & R. 237; 1 Leach, 431; 2 East, P. C. 953, 954. If paper is forged, and is calculated to impose upon and deceive persons of common observation, the uttering or passing of it is the offence defined by the law. Assuming the order in the indictment to be a forged one, it is not material whether the signature or indorsement is genuine, the paper is false and counterfeit as an order or check on the bank. Nor is it material whether the bank would be bound to pay it if genuine; it purports to be an order for the payment of money, which binds the drawer, though it may not bind the bank. You will apply these principles of law to the evidence and find accordingly; in point of law, the evidence is sufficient to convict both defendants; you will judge whether it is so in fact. If you think they came together for the purpose of passing counterfeit money, it is immaterial who did the acts which constitute the offence; or if they came without such design, but afterwards formed it, or acted in any way in furtherance thereof, you will find both guilty if you think either of them consummated the offence, or you will find them separately guilty or not.

The jury found Fisher guilty, and Mitchell not guilty.